## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

-------------------------------------------------------------------------------------------------

ROQUE "ROCKY" DE LA FUENTE,       :

                                        : **Civil Acton #_____**

      **Plaintiff,**                 :

                                          :

vs.                                        :

                                          :

**STEVE SIMON, in his official capacity as the**  :
**Secretary of State of the State of Minnesota,**  :

                                          :

      **Defendant.**                :

_____

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.     Plaintiff, ROQUE "ROCKY" DE LA FUENTE by and through his undersigned legal counsel, file this civil action pursuant to 42 U.S.C. § 1983 for prospective equitable and declaratory relief against Defendant, STEVE SIMON, made a party to this action in his official capacity as the Secretary of State for the State of Minnesota as the chief elections official charged with enforcement of Minnesota Election Code § 207A.13, subd. 2(a) which Plaintiff alleges violate rights guaranteed to his under the United States Constitution.

## JURISDICTION

2.     Jurisdiction lies in this Court under 28 U.S.C. § 1331, providing that the district courts of the United States shall have original jurisdiction of all civil actions arising under the Constitution of the United States.

3.     Moreover, jurisdiction lies under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a), the jurisdictional counterpart of 42 U.S.C. § 1983 as Plaintiff alleges violation of rights guaranteed to him under the United States Constitution.

## VENUE

4.     Venue is proper in the United States District Court for the District of Minnesota under 28 U.S.C. § 1391 as Defendant exercises his statutory authority as the chief elections official of the State of Minnesota within this district, maintains all of his offices within this district and all of the events and/or omissions giving rise to the claims advanced in this litigation occurred in this district.

## PARTIES

5.     Plaintiff Roque "Rocky" De La Fuente, is a registered voter and a member of the Republican Party and is a declared candidate for the 2020 presidential nomination of the Republican National Convention.  Plaintiff registered as a presidential candidate seeking thee 2020 Republican Party presidential nomination with the Federal Elections Commission (hereinafter "FEC") on May 16, 2019.  Plaintiff De La Fuente's FEC presidential identification number is P60016342.  As a candidate for the 2020 Republican Party presidential nomination, Plaintiff De La Fuente intends to secure ballot access to Minnesota's 2020 Republican presidential primary election seeking to contest for Minnesota's

39 delegates and 39 alternate delegates to the 2020 Republican National Convention.  Plaintiff De La Fuente is a resident of San Diego county in the State of California.

6.       Plaintiff De La Fuente is over the age of 35, is a natural born citizen of the United States of America, having been born in San Diego, California and has been a continual resident of the United States for over 35 years.

7.       Plaintiff De La Fuente satisfies all of the qualifications enumerated under the Presidential Qualification Clause of Article II, section 1, clause 5 of the United States Constitution.

8.       Defendant Steve Simon, in the Secretary of State of the State of Minnesota and is made a party to this action in his official capacity as the official charged with enforcement of Section 207A.13, subd. 2(a) which imposes an additional qualification beyond the exclusive list enumerated in the Presidential Qualification Clause of Article II, section 1, clause 5 of the United States Constitution preventing Plaintiff De La Fuente from securing access to Minnesota's 2020 Republican Party presidential primary election ballot.

## FACTUAL ALLEGATIONS

9.       The presidential Qualifications Clause of Article II, Section 1, Clause 5 of the United States Constitution provides the exclusive list of qualifications for an individual to be eligible to seek the Office of President of the United States.

3

10.     Article II, Section 1, Clause 5 of the United States Constitution provides that:

> No person except a natural born Citizen, or a Citizen of the United States, at the time of the Adoption of this Constitution, shall be eligible to the Office of President; neither shall any person be eligible to that Office who shall not have attained to the Age of thirty five Years, and been fourteen Years a Resident within the United States.

11.     Further, the United States Constitution provides the exclusive list of methods by which a person otherwise eligible for the Office of President may be disqualified to hold the Office of President under the following constitutional provisions:

      (a)     Article I, Section 3, Clause 7;

      (b)     Fourteenth Amendment, section 3;

      (c)     Twenty-Second Amendment.

12.     Plaintiff De La Fuente satisfies all of the constitutional requirements to hold the Office of President.

13.     Plaintiff De La Fuente is not otherwise disqualified by any constitutional provision from holding the Office of President.

14.     Plaintiff De La Fuente is one of only two candidates challenging President Trump for the 2020 Republican presidential nomination to have qualified for every 2020 state presidential primary election ballot where candidates have

been permitted to secure ballot access without the imposition of additional

qualifications such as the approval of state or political party officials.

15.    No provision of the United States Constitution provides authority to

the State of Minnesota to impose additional requirements on eligible citizens to

hold the Office of President that are not tethered to a State's legitimate interest to

maintain an orderly ballot or properly regulate Minnesota's election machinery.

16.    Minnesota Election Code § 207A.13, subd. 2(a) provides that

candidates seeking the 2020 Republican presidential nomination may only appear

on Minnesota's primary election ballot if:

> "Each party must determine which candidates are to be placed on the
> presidential nomination primary ballot for that party.  The chair of
> each party must submit to the secretary of state the names of the
> candidates to appear on the ballot for that party no later than 63 days
> before the presidential nomination primary. Once submitted, changes
> must not be made to the candidates that will appear on the ballot."

17.    The Minnesota presidential primary election is a taxpayer funded

election contest.

18.    On October 25, 2019, Plaintiff sent a letter to Defendant and Attorney

General Keith Ellison, attached hereto as Exhibit A, requesting that they review the

constitutionality of Minnesota Election Code § 207A.13, subd. 2(a) under the

presidential Qualifications Clause of Article II, Section 1, Clause 5 of the United

States Constitution and a written guarantee that the challenged provision would not be enforced against Plaintiff.

19.     To date, neither Defendant nor the Attorney General have responded to Plaintiff's October 25, 2019 letter.

20.     Section 207A.13, subd. 2(a) of the Minnesota Election Code is not a provision which tests whether or not a candidate as a modicum support with the electorate sufficient to constitutionally deny access to Minnesota's presidential primary election ballot.  The challenged provision simply imposes an additional qualification that a small number of party insiders qualify a candidate to appear on Minnesota's presidential primary election ballot.

21.     Defendant has announced that Plaintiff De La Fuente's name was not provided by the Minnesota Republican Party for inclusion on the 2020 Minnesota Republican presidential election ballot and will therefore not appear on the 2020 primary ballot.

22.     Minnesota Republican Party officials admit they conspired with President Trump to deny any other Republican presidential candidate access to Minnesota's 2020 presidential primary election ballot demonstrating that the challenged provision is not a permissible test of community support to determine ballot access in Minnesota and is, instead, an unconstitutional additional qualification imposed by the State of Minnesota and enforced by Defendant.

6

23.     The challenged statute is not designed to avoid ballot clutter or promote a more manageable ballot because the challenged statute does not place a limit on the number of candidate placed on Minnesota's presidential primary election ballot

24.     The challenged statute is not designed to force, or even permit, a candidate to show any threshold of public support to secure access to the ballot.

25.     The challenged statute is not designed to promote an orderly or well-regulated election process.

26.     Section 207A.13, subd. 2(a) of the Minnesota Election Code applies to no other candidate nomination within the State of Minnesota.

27.     In all other candidate nominations, candidates secure access to the Minnesota primary election ballot through the collection and timely filing of petitions signed by qualified Minnesota electors demonstrating that the candidate enjoys a modicum of support with the electorate sufficient to warrant ballot access and protect the state's interest in preventing ballot clutter.

28.     The Supreme Court has recognized that states have a diminished interest in regulating the presidential primary election ballot because the presidential primary and general elections re the only elections conducted within Minnesota which are decided outside the borders of Minnesota.

29.     The United States Supreme Court in *Anderson v. Celebrezze*, 460 U.S. 780 (1983), established that a state may not impose its most stringent ballot access restrictions to prevent ballot access for presidential candidates.

30.     Plaintiff intends to associate with the Republican voters of Minnesota to provide them the opportunity to elect delegate and alternate delegates to the 2020 Republican National Convention to nominate a candidate free from the stain of impeachment proceedings.

31.     Section 207A.13, subd. 2(a) prevents Plaintiff from associating with Minnesota Republican voters for the purpose of securing the support of Minnesota delegate and alternate delegates to the Republican National Convention in violation of rights guaranteed to him under the First and Fourteenth Amendments to the United States Constitution.

32.     The challenged statute's only purpose is to prevent otherwise eligible citizens from being able to contest for the Office of President in their party's primary election who are not provided permission by a small cable of party officials.

33.     The presidential Qualification Clause of Article II, Section 1, Clause 5 of the United States Constitution was included precisely to prevent an ever-escalating set of differing state requirements for presidential candidates.

34.     The challenged statute strikes at the very heart of the constitutional framework establishing a unified set of requirements that a citizen must satisfy to contest for the Office of President of the United States in America's only national election.

35.     The challenged statute is not an internal Republican or Democratic Party rule.

36.     The challenged statute does not prevent "party raising" to protect the associational rights of political parties.

37.     Defendant's enforcement of the challenged statute is the direct and proximate cause of Plaintiff's constitutional injury.

38.     Plaintiff has no other remedy available at law.

## COUNT I
(As-Applied Challenge – Violation of Presidential Qualification Clause)

39.     Plaintiff reasserts each preceding paragraph as if set forth fully herein.

40.     Minnesota Election Code § 207A.13, Subd. 2(a) imposes the additional qualification on citizens otherwise qualified to hold the Office of President of the United States that they receive the permission of their political party to appear on Minnesota's 2020 tax-payer funded presidential primary election ballot.

41.     The presidential Qualifications Clause of Article II, Section 1, Clause 5 of the United States Constitution enumerates the exclusive qualification to hold the Office of President of the United States.

42.     The presidential Qualifications Clause of Article II, Section 1, Clause 5 of the United States Constitution does not impose the requirement that a presidential candidate receive the approval of a political party to contest and hold the Office of President of the United States.

43.     Accordingly, Minnesota Election Code § 207A.13, subd. 2(a) imposes an additional qualification on Plaintiff, who is otherwise qualified to appear on Minnesota's 2020 Republican presidential primary election ballot, to secure access to the Minnesota's 2020 primary election ballot in violation of rights guaranteed to Plaintiff De La Fuente under Article II, Section 1, Clause 5 of the United States Constitution for which Plaintiff requests emergency preliminary and permanent declaratory and injunctive relief against Defendant's continued enforcement of Minnesota Election Code § 207A.13, subd. 2(a).

## COUNT II
(As-Applied Challenge – Impairment of Plaintiff's Rights Under the First & Fourteenth Amendments to the United States Constitution)

44.     Plaintiff reasserts each preceding paragraph as if set forth fully herein.

45.     Minnesota Election Code § 207A.13, subd. 2(a) makes it impossible for certain presidential candidates to secure access to Minnesota's 2020 presidential primary election ballot.

46.     Minnesota Election Code § 207A.13, subd. 2(a) prevents access to Minnesota's presidential primary election ballot to candidates who can demonstrate a significant modicum of support necessary to require ballot access.

47.     Minnesota Election Code § 207A.13, subd. 2(a) imposes Minnesota's most severe ballot access restrictions on presidential candidates.

48.     Minnesota Election Code § 207A.13, subd. 2(a) prevents Plaintiff from associating with Minnesota Republican voters to secure support of Minnesota's delegate and alternate delegates to the 2020 Republican National Convention.

49.     Accordingly, Minnesota Election Code § 207A.13, Subd. 2(a) violates rights guaranteed to Plaintiff under the First and Fourteenth Amendments to the United States Constitution for which Plaintiff requests emergency preliminary and permanent declaratory and injunctive relief against Defendant's continued enforcement of Minnesota Election Code § 207A.13, Subd. 2(a).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(A)     Enter emergency preliminary injunctive relief against Defendant from enforcing Minnesota Election Code § 207A.13, subd. 2(a) in the 2020 Republican presidential primary election;

(B)     Require Defendant to print the name of Plaintiff De La Fuente on the 2020 Republican presidential primary election ballot;

(C)     Enter permanent injunctive relief against Defendant from enforcing Minnesota Election Code § 207A.13, subd. 2(a) in future presidential primary elections;

(D)     Declare Minnesota Election Code § 207A.13, subd. 2(a) unconstitutional;

(E)     Award Plaintiff the cost of this action together with Plaintiff's reasonable attorney fees and expenses pursuant to 42 U.S.C. § 1988; and,

(F)     Retain jurisdiction of this action and grant Plaintiff such other relief which in the determination of this Honorable Court to be necessary and proper.

Respectfully submitted,


Dated:  November 26, 2019          __/s/ **Erick Kaardal**_____
Erick Kaardal, Atty No. 229647
Mohrman, Kaardal & Erickson, P.A.
150 South Fifth Street, Suite 3100
Minneapolis, MN  55402
Telephone:  (612) 341-1074
Email: kaardal@mklaw.com
*Counsel for Plaintiff*