## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Roque "Rocky" De La Fuente,

       Plaintiff,

    vs.

Steve Simon, in his official capacity as the Secretary of State of the State of Minnesota,

       Defendant.

Civil No. 19-CV-2995 (DSD/HB)

**EXHIBITS 1-4 TO THE
AFFIDAVIT OF
BIBI BLACK**



# REPUBLICAN PARTY OF MINNESOTA
7400 METRO BLVD, SUITE 424
EDINA, MN 55439



October 24, 2019

Honorable Steve Simon
Secretary of State
180 State Office Building
100 Rev. Dr. Martin Luther King Jr. Blvd
Saint Paul, MN 55155

Dear Honorable Secretary Simon:

Per Minnesota General Law 207A.13 – Subd.2A, please consider this letter as the determination for candidates to be placed on the March 3, 2020 Presidential Nomination Republican Primary ballot:

1. Name of candidate: Donald J. Trump
   a. Name of candidate as we wish to appear on the ballot: Donald J. Trump
   b. The official name and address of the campaign:
      Donald J. Trump for President, Inc.
      725 Fifth Avenue
      Fifteenth Floor
      New York, NY 10022
   c. This campaign is registered with the Federal Election Commission ("FEC") and the FEC registration number is: C00580100

At your earliest convenience, please confirm that this fulfills your requirements for Minnesota's Republican Presidential Primary Election ballot.

Confirmation may be sent to my Executive Director, Mr. Kevin Poindexter, at kdp@mngop.com. You may also reach him at 612-384-8357 should you have any questions or require additional information.

*Sincerely,*

Jennifer Carnahan
Chairwoman, Republican Party of Minnesota

201659

Paid for by the Republican Party of Minnesota. Not authorized by any candidate or candidate's committee. www.mngop.com

**EXHIBIT 1**



**STATE OF MINNESOTA
IN SUPREME COURT**

ROQUE "ROCKY" DE LA FUENTE,
and JAMES BERNARD MARTIN, JR.,

        Petitioners,

v.

STEVE SIMON, Minnesota Secretary
Of State,

        Respondent.

December 13, 2019

OFFICE OF
APPELLATE COURTS

**PETITION PURSUANT TO
MINNESOTA STATUTES § 204B.44**

RELIEF REQUESTED PRIOR TO
OR ON JANUARY 17, 2020 AND
ORAL ARGUMENT REQUESTED

TO:   The Supreme Court of the State of Minnesota:

     The Petitioners Roque "Rocky" De La Fuente and James Bernard Martin, Jr.

petition the Supreme Court for an order, under Minnesota Statutes § 204B.44, to

correct an error, omission, or wrongful act by the Respondent Steve Simon, Secretary

of State, which has occurred and is about to occur, as the Secretary will be omitting

certain presidential candidates, including Petitioner Roque De La Fuente, from being

on the statewide ballot in the March 3, 2020 presidential primary in Minnesota.

     Because the March 3, 2020 major political party presidential primary is

approximately three months away, the Petitioners respectfully request the Supreme

Court to expedite the disposition of this Petition to allow an adjudication on the

issues prior to the January 17, 2020, the date when absentee ballots for the

Presidential primary are first made available. An expedited briefing and argument

schedule will allow an opportunity for all interested parties to participate and for

**EXHIBIT 2**

timely resolution. Thus, the Petitioners move for an expedited briefing schedule. The Petitioners also request oral argument.

## JURISDICTION

1.      The Supreme Court has original jurisdiction over this petition under Minnesota Statutes § 204B.44, for errors, omissions, or wrongful acts relating to the printing of candidates' names on ballots. Section 204B.44, identifies who may file a petition, the basis of the petition, and jurisdiction:

> (a) Any individual may file a petition in the manner provided in this section for the correction of any of the following errors, omissions, or wrongful acts which have occurred or are about to occur:

> (1) an …. omission in the … printing of the name … of any candidate… on any official ballot …

> (2) The petition shall describe the error, omission, or wrongful act and the correction sought by the petitioner. The petition shall be filed with any judge of the supreme court in the case of an election for state or federal office ….

## VENUE

2.      Under § 204B.44, venue is proper in the Minnesota Supreme Court.

2

**EXHIBIT 2**

# PARTIES

**Petitioners**

3.      Petitioner Roque "Rocky" De La Fuente, is an eligible voter and a member of the Republican Party and is a declared candidate for the 2020 presidential nomination of the Republican National Convention. De La Fuente registered as a presidential candidate seeking the 2020 Republican Party presidential nomination with the Federal Elections Commission on May 16, 2019. De La Fuente's FEC presidential identification number is P60016342. As a candidate for the 2020 Republican Party presidential nomination, De La Fuente intends to secure ballot access to Minnesota's 2020 Republican presidential primary election seeking to contest for Minnesota's 39 delegates and 39 alternate delegates to the 2020 Republican National Convention. De La Fuente is a resident of San Diego County in the State of California.

4.      De La Fuente is over the age of 35, is a natural born citizen of the United States of America, having been born in San Diego, California and has been a continual resident of the United States for over 35 years.

5.      De La Fuente satisfies all of the qualifications enumerated under the Presidential Qualification Clause of Article II, section 1, clause 5 of the United States Constitution.

6.      Petitioner James Martin is a resident, taxpayer, and an eligible voter in Minnesota. Martin will vote in the March 3, 2020 Republican Party presidential

**EXHIBIT 2**

primary. Martin, as a voter in the March 3, 2020 presidential primary, wants the broadest choice of presidential candidates possible.

**Respondent**

7.      Respondent Steve Simon is the Secretary of State of the State of Minnesota and is made a party to this action in his official capacity as the official charged with enforcement of Section 207A.13, subdivision 2(a) which is preventing presidential candidates such as De La Fuente from being on the March 3, 2020 presidential primary election ballot.

## FACTUAL ALLEGATIONS

I.      **Although De La Fuente satisfies the presidential Qualification Clause of Article II, Section 1, Clause 5 of the U.S. Constitution, Minnesota Statutes § 207A.13, subdivision 2(a) prevents De La Fuente's name to be printed on the March 3, 2020 presidential primary election ballot.**

8.      The Presidential Qualifications Clause of Article II, Section 1, Clause 5 of the United States Constitution provides the exclusive list of qualifications for an individual to be eligible to seek the Office of President of the United States.

9.      Article II, Section 1, Clause 5 of the United States Constitution provides that:

> No person except a natural born Citizen, or a Citizen of the United States, at the time of the Adoption of this Constitution, shall be eligible to the Office of President; neither shall any person be eligible to that Office who shall not have attained to the Age of thirty five Years, and been fourteen Years a Resident within the United States.

4

**EXHIBIT 2**

10.     Further, the United States Constitution provides the exclusive list of methods by which a person otherwise eligible for the Office of President may be disqualified to hold the Office of President under the following constitutional provisions:

    (a)     Article I, Section 3, Clause 7;

    (b)     Fourteenth Amendment, section 3;

    (c)     Twenty-Second Amendment.

11.     De La Fuente satisfies all of the constitutional requirements to hold the Office of President.

12.     De La Fuente is not otherwise disqualified by any constitutional provision from holding the Office of President.

13.     De La Fuente is one of only three candidates challenging President Donald Trump for the 2020 Republican presidential nomination to have qualified for every 2020 state presidential primary election ballot where candidates have been permitted to secure ballot access without the imposition of additional qualifications such as the approval of state or political party officials.

14.     No provision of the United States Constitution provides authority to the State of Minnesota to impose additional requirements on eligible citizens to hold the Office of President that are not tethered to a State's legitimate interest to maintain an orderly ballot or properly regulate Minnesota's election processes.

5

**EXHIBIT 2**

15.     Minnesota Statutes § 207A.13, subdivision 2(a) provides that candidates seeking the 2020 Republican presidential nomination may only appear on Minnesota's primary election ballot when the Minnesota major political party determines which candidate will appear on the ballot through the chair of each party:

> "Each party must determine which candidates are to be placed on the presidential nomination primary ballot for that party. The chair of each party must submit to the secretary of state the names of the candidates to appear on the ballot for that party no later than 63 days before the presidential nomination primary. Once submitted, changes must not be made to the candidates that will appear on the ballot."

16.     The Minnesota presidential primary election is a taxpayer funded election contest.

17.     The presidential primary election process only applies to major political parties:

> This chapter only applies to a major political party that selects delegates at the presidential nomination primary to send to a national convention.

Minn. Stat. § 201A.11(d).

18.     On October 24, 2019, the Chair of the Republican Party of Minnesota wrote a letter, attached as **Exhibit A**, to the Secretary that Donald Trump, the current President, would be the only candidate to appear on the March 3, 2019 presidential primary election ballot which, now submitted cannot change:

> The chair of each party must submit to the secretary of state the names of the candidates to appear on the ballot for that party no later than 63 days before the presidential nomination primary. Once

6

**EXHIBIT 2**

submitted, changes must not be made to the candidates that will appear on the ballot.

19.     Furthermore, although write in names *could* be later submitted, (1) there is no way to know which name will be submitted; and (2) even if submitted, a candidate not appearing on the actual primary ballot serves as a further state imposed restriction on any alternative major political party candidate seeking the presidential nomination.

20.     On October 25, 2019, De La Fuente sent a letter to the Respondent Secretary and Minnesota's Attorney General Keith Ellison, attached as **Exhibit B**, requesting that they review the constitutionality of Minnesota Statutes § 207A.13, subd. 2(a) under the presidential Qualifications Clause of Article II, Section 1, Clause 5 of the United States Constitution and provide a written guarantee that the challenged provision would not be enforced against De La Fuente.

21.     To date, neither the Secretary nor the Attorney General have responded to De La Fuente's October 25th letter.

**Some of the infirmities of § 207A.13, subd. 2(a)**

22.     Minnesota Statutes § 207A.13, subdivision 2(a) is not a provision which tests whether a candidate has a level of support with the electorate sufficient to deny access to Minnesota's presidential primary election ballot. Instead, the challenged provision imposes an additional qualification that a small number of party insiders qualify a candidate to appear on Minnesota's presidential primary election ballot.

7

**EXHIBIT 2**

23.     The Secretary will determine that because De La Fuente's name and all other Republican Party candidate names which were not provided by the Minnesota Republican Party Chair for inclusion on the 2020 Minnesota Republican presidential general election ballot will not appear on the 2020 Minnesota presidential primary ballot.

24.     Minnesota Statutes § 207A.13, subdivision 2(a) is not designed to avoid presidential primary election ballot "clutter" or promote a more manageable primary ballot because the challenged statute does not place a limit on the number of candidates placed on Minnesota's presidential primary election ballot

25.     Minnesota Statutes § 207A.13, subdivision 2(a) is not designed to force, or even permit, a candidate to show any threshold of public support to secure access to the ballot.

26.     Minnesota Statutes § 207A.13, subdivision 2(a) is not designed to promote an orderly or well-regulated election process.

27.     Minnesota Statutes § 207A.13, subdivision. 2(a) does not apply to minor political party candidate nominations to the general election ballot. Even if a major political party, subdivision 2(a) applies only if the party has a national convention:

> A major political party that does not participate in a national convention is not eligible to participate in the presidential nomination primary.

**EXHIBIT 2**

28.     Other processes are available to minor political party candidates. For instance, a minor political candidate presidential candidate must obtain a threshold number of eligible voters to sign a nominating petition which is then submitted to the Secretary. If the threshold is met, the candidate's name will appear on the general election ballot. This process reveals that there is no set limitation on the number of potential presidential candidates that can appear on a general election ballot. A state, such as Minnesota, has a diminished interest in regulating the presidential primary election ballot because the presidential primary and presidential general elections are the only elections conducted within Minnesota which are ultimately determined beyond the state's borders.

29.      A state, such as Minnesota, may not impose its most stringent ballot access restrictions to prevent ballot access for presidential candidates. *See Anderson v. Celebrezze*, 460 U.S. 780 (1983.

30.     The provision found under Minnesota Statutes §§ 207A.13, subdivision 2(a) is an overly stringent ballot access restriction, and when compared with other presidential nominating processes in Minnesota (*e.g.* minor political party nominating processes), the subdivision at issue is Minnesota's most stringent ballot access restriction.

31.     De La Fuente, as a potential Republican presidential candidate, seeks to associate with Republican Party voters in Minnesota to provide them the opportunity

9

**EXHIBIT 2**

during the Minnesota presidential election primary process to elect delegate and alternate delegates to the 2020 Republican National Convention to nominate an alternative candidate for President.

32.     Section 207A.13, subdivision 2(a) prevents De La Fuente from associating with Minnesota Republican Party voters, such as Petitioner Martin, for the purpose of securing the support of Minnesota delegate and alternate delegates to the Republican National Convention in violation of rights guaranteed to him under the First and Fourteenth Amendments to the United States Constitution.

33.     The First Amendment to the United States Constitution provides for the protection of free speech, association, and petitioning the government:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

34.     The First Amendment guarantees apply to Minnesota via Fourteenth Amendment incorporation against state and local governments.

35.     The Fourteenth Amendment's Due Process and Equal Protection Clauses apply to state and local governments:

> Section 1… nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

10

**EXHIBIT 2**

36.     Minnesota Statutes § 207A.13, subdivision 2(a) prevents an otherwise eligible candidate from challenging and seeking delegates to compete for the Office of President in their party's primary election.  The law allows Minnesota's major political parties to select and submit to the Secretary a name of a presidential primary candidate without a fundamentally fair process to place other alternative candidates within that same party to gain access to the primary ballot, short of the *possibility* of a submission as a write-in candidate. The submission of a write-in candidate's name as an alternative candidate is at the complete discretion of the major political party without any guiding statutory provision or rule.

37.     Minnesota Statutes § 207A.13 is a restriction on the access to the primary election ballot implicating the right of De La Fuente to associate with voters during the Republican Party primary.

38.     Minnesota Statutes § 207A.13 requiring party approval as a requirement for presidential office is contrary to the Qualification Clause of Article II, Section 1, Clause 5 of the United States Constitution.

39.     Minnesota Statutes § 207A.13 is not an internal Republican Party of Minnesota or the Minnesota Democratic-Farmer-Labor Party or other Minnesota major political party rule, but a statutory command resulting in the exclusion of the Petitioner De La Fuente as a printed name on the March 2020 presidential primary election printed ballot with the printed name of Donald Trump.

11

**EXHIBIT 2**

40.     Because the Secretary is to enforce the requirements of Minnesota Statutes § 207A.13, subdivision 2(a), and De La Fuente's name will not and cannot appear on the Republican Party primary election ballot in Minnesota, it is the direct and proximate cause of Petitioner De La Fuente and Martin's constitutional injury.

41.     Petitioners De La Fuente and Martin have no other remedy available at law.

**Minnesota Statutes § 207A.13, subd. 2(a) and (b) authorize the chairs of the Republican Party of Minnesota and Democratic-Farmer-Labor Party to designate which names will be printed on the March 3, 2020 presidential primary ballot, which names must be written in on the ballot by the voters, and which write-in votes will be counted or not.**

42.     The State Legislature enacted Minn. Laws 2016, Ch. 162, for the purpose of holding a presidential nomination primary election on March 3, 2020 and in future years.[1]

43.     The State of Minnesota uses taxpayer funds to pay for the presidential primary elections to be held in March of 2020 and future presidential primary elections.

44.     The purpose of the election is to give Minnesota voters an opportunity to advance the nomination of a person qualified to be elected President.[2]

---

[1]Minn. Stat. § 207A.11(a).
[2]In example, floor comments of Sen. Kiffmeyer on May 21, 2016.
 <http://mnsenate.granicus.com/player/clip/695?view_id=&caption_id=833861> at 31:42
 ("This is a constitutional right, [Minnesotans] have the freedom of association.") and 33:49

**EXHIBIT 2**

45.     The Legislature intended for the names of all presidential candidates to appear on the election ballots of the parties.[3]

46.     Under Minnesota Statutes § 207A.13, subdivision 2(a) major political party presidential candidates appear on the primary election ballot by way of an impermissible procedure.

47.     Pursuant to Minnesota Statute § 207A.13, subdivision 2(a), the chairs of major political parties remit a notice to the Secretary containing the names of candidates seeking the nomination for president on or before December 30, 2019; once a notice is submitted, it may not be altered.

48.     The purpose of the December 30, 2019 deadline is to allow the Secretary ample time to ensure the ballots are properly printed and distributed so they may be mailed to absentee voters as early as January 17, 2020[4] pursuant to § 204B.35, subd. 4.

---

("… let's give respect … to the folks that are out there being involved, exercising their constitutional right, and I want to stand up for them and be a voice for them …").
[3]In example, floor comments of Sen. Rest on May 12, 2016.
<http://mnsenate.granicus.com/player/clip/635?view_id=&meta_id=4610> at 1:24:35 ("The party chairs … would submit names to be included on their respective ballots to the Secretary Of State … according to their maximum flexibility regarding the, umm, the, umm, national party rules of their respective parties…"); and of Sen. Abler at 1:39:12 ("If you haven't noticed, there's, ah, a new populous movement going on … the people are less interested in parties and more interested in the people…").
[4]2020 Presidential Nomination Primary Elections Administrator Guide, § 9.1 (page 38). Office Of The Minnesota Secretary Of State, Elections Division.
<https://www.sos.state.mn.us/media/3896/2020-pnp-elections-administrator-guide.pdf>.

**EXHIBIT 2**

49.     This is supported by the fact the political party chairs must remit their request (if any) to have its political party ballot printed with a place to indicate a preference for having delegates remain uncommitted or printed with a write-in line by the December 30, 2019 deadline.[5]

50.     On or about October 24, 2019, the Chair of the Republican Party of Minnesota remitted her notice containing the single name of one individual seeking the Presidential nomination—Donald Trump.[6]

51.     However, the Republican Party of Minnesota has more than one person seeking the Party's presidential nomination.  One such candidate is the Petitioner De La Fuente.

52.     Likewise, Petitioner Martin seeks to support a Republican Party presidential candidate other than Donald Trump in Minnesota.[7]

53.     Because of his profession and ownership of a business, Martin will not be available to vote in person on the presidential election day in Minnesota—March 3, 2010.

---

[5]Minn. Stat. § 207A.13, subd. 1(c).

[6]Carnahan, Jenifer (Charwoman, Republican Party of Minnesota). Letter to Steve Simon (Minnesota Secretary Of State). October 24, 2019. <https://web.archive.org/web/20191031145143/https://pbs.twimg.com/media/EINpLy1X0AAZPb-.jpg:large>.

[7]Minnesota Republican Party leaves Trump challengers off presidential primary ballot. Patrick Condon, Star Tribune (MN). October 31, 2019. <http://www.startribune.com/minnesota-republican-party-leaves-trump-challengers-off-presidential-primary-ballot/564160782/>.

**EXHIBIT 2**

54.     Therefore, Martin must use the absentee ballot process available for the presidential primary election in Minnesota.  Martin may use the absentee ballot process beginning January 17, 2020.

55.     Furthermore, the Republican Party Chair's omission of all other Republican candidates and because Minnesota Statutes § 207A.13, subdivision 2(a) prohibits any change in the notice to the Secretary once submitted, will cause the Secretary to not print those omitted names on the Republican ballot for the March 3, 2020 presidential primary.

56.     Martin seeks to advance the nomination of a candidate who was omitted from the Republican Party Chair's notice. Martin's candidate, De La Fuente, is eligible for nomination. De La Fuente, as a Republican Party candidate, will be appearing on other state primary ballots throughout the United States.[8] Without De La Fuente's name printed on the primary ballot, Martin will not be able to campaign in a more comprehensive and complete way as he anticipated. Martin believes the lack of a printed name on the primary ballot will make campaigning more difficult and cause confusion among potential primary voters when they fail to see De La Fuente's name on the ballot.

---

[8]2020 Republican Party Presidential Primaries, Ballot Access. Wikipedia.
 <https://en.wikipedia.org/wiki/2020_Republican_Party_presidential_primaries#Ballot_ac
 cess> (citing some secretaries of state's notices and news articles).

15

**EXHIBIT 2**

57.     Moreover, if De La Fuente's name is not identified as a write-in candidate by the Republican Party, any write-in vote can be discounted. Therefore, Minnesota Statutes § 207A.13, subdivision 2(a) can act to completely eliminate any possibility of De La Fuente to run as an alternative presidential candidate for the upcoming March 2020 presidential primary election.

58.     Minnesota Statutes § 207A.13, subdivision 2(a), places a severe burden not only on the candidate De La Fuente, but also on Martin. The process is fundamentally unfair and interferes with their right of association.

## COUNT I

(Violation of Minnesota Constitution's ban on special and exclusive privileges to private corporations, associations and individuals)

59.     Petitioners incorporate all previous factual allegations in support of Count I.

60.     Minnesota Constitution Article XII, section 1, bans the state legislature from granting any special or exclusive privilege to private corporations, associations or individuals:

> The legislature shall pass no local or special law … granting to any private corporation, association, or individual any special or exclusive privilege, immunity or franchise whatever or authorizing public taxation for a private purpose.

61.     Minnesota Statutes § 207A.13, subdivision2(a) provides for candidates seeking certain political party's presidential nomination, that their names may only

16

**EXHIBIT 2**

appear on Minnesota's primary election ballot if the political parties and their respective chairs identifies them on the notice provided to the Secretary:

> Each party must determine which candidates are to be placed on the presidential nomination primary ballot for that party. The chair of each party must submit to the secretary of state the names of the candidates to appear on the ballot for that party no later than 63 days before the presidential nomination primary. Once submitted, changes must not be made to the candidates that will appear on the ballot.

62.     Additionally, Minnesota Statutes § 207A.13, subdivision 2(b) provides that the political parties chairs will determine for the Secretary which votes to count for write-in candidates and which votes not to count for write-in candidates:

> (b) No later than the seventh day before the presidential nomination primary, the chair of each party must submit to the secretary of state the names of write-in candidates, if any, to be counted for that party.

63.     In this way, Minnesota Statutes § 207A.13, subdivision 2(a) and (b) impermissibly grant the political parties and their respective chairs the privilege to determine who will be printed on the taxpayer-funded presidential primary ballot and whether write-in votes for a candidate will be counted.

64.     In this case, the Republican Party Chair has designated only one candidate—Donald J. Trump—for the Republican Party primary on March 3, 2019. It cannot be changed: "Once submitted, changes must not be made to the candidates that will appear on the ballot." Minn. Stat. 207A.13, subd. 2(a). The Republican Party

**EXHIBIT 2**

Chair has omitted all other Republican Party candidates seeking nomination as a presidential candidate.

65.     Because the Republican Chair decided to provide only the name of Donald J. Trump in the notice to the Secretary, the Secretary under § 207A.13, subdivision 2(a) will only print the name of Donald J. Trump on the Republican primary ballot, other Republican Party candidates seeking nomination as a presidential candidate are excluded as named candidates on the printed ballot —including Petitioner De La Fuente.

66.     The Democratic Farmer-Labor Party Chair has not yet submitted their notice to the Secretary. The notice is not due until December 30, 2019.

67.     Under these circumstances, Minnesota Statutes § 207A.13, subd. 2(a) and (b) violate the ban of Minnesota Constitution, Article XII, section 1 because § 207A.13, subd. 2(a) impermissibly grants a special and exclusive privilege to the private political parties and their respective chairs to determine who will be on the March 3, 2020 presidential primary ballot and who will be a write in candidate or not.

## COUNT II
(As-Applied Challenge – violation of Presidential Qualification Clause)

68.     Petitioners incorporate all previous factual allegations in support of Count II.

69.     Minnesota Statutes § 207A.13, subdivision. 2(a) imposes an additional qualification on citizens otherwise qualified to hold the Office of President of the

18

**EXHIBIT 2**

United States that they receive the permission of their political party to appear on a taxpayer funded presidential primary election ballot.

70.    The presidential Qualifications Clause of Article II, Section 1, Clause 5 of the United States Constitution enumerates the exclusive qualification to hold the Office of President of the United States.

71.    Minnesota Statutes § 207A.13, subdivision. 2(a) imposes a state sanctioned restriction on potential presidential party candidates, through a fundamental unfair process to prevent otherwise qualified candidates to compete against other same party candidates.

72.    The state sanctioned process allows major political parties to interfere with a candidate's right to association with other party primary election voters: the candidate's access to a party primary election ballot as a printed name on the ballot. In short, the state sanctioned major political party primary process is in violation of rights guaranteed to De La Fuente and other candidates and those who support them, as Martin does, under Article II, Section 1, Clause 5 of the United States Constitution.

73.    Because Minnesota Statute § 207A.13, subdivision 2(a) violates the U.S. Constitution, the Petitioners request declaratory and injunctive relief against Respondent's continued enforcement of Minnesota Statutes § 207A.13, subdivision 2(a).

**EXHIBIT 2**

## COUNT III

(As-Applied Challenge – impairment of petitioners' rights under the First and Fourteenth Amendments to the United States Constitution)

74.     Petitioners incorporate all previous factual allegations in support of Count III.

75.     The First Amendment to the United States Constitution provides for the protection of free speech, association, and petitioning the government:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

76.      The First Amendment guarantees apply to Defendant Secretary of State via Fourteenth Amendment incorporation against state and local governments.

77.     The Fourteenth Amendment's Due Process and Equal Protection Clauses apply to state and local governments:

> Section 1… nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

78.     Minnesota Statutes § 207A.13, subdivision. 2(a) makes a severe burden that cannot be reached by certain presidential candidates, such as De La Fuente, and their supporters, such as Martin, to secure access to Minnesota's 2020 presidential primary election ballot.

**EXHIBIT 2**

79.     Minnesota Statutes § 207A.13, subdivision 2(a) prevents access to Minnesota's presidential primary election ballot to candidates who can demonstrate a significant level of support necessary to require primary ballot access.

80.     Minnesota Statutes § 207A.13, subdivision 2(a) imposes a severe burden not only on the presidential candidate De La Fuente, but also on Martin. The process is fundamentally unfair and interferes with their First Amendment rights with the state sanctioned ballot access restrictions on presidential candidates.

81.     Furthermore, Minnesota Statutes § 207A.13, subdivision 2(a) violates the Equal Protection Clause of the U. S. Constitution. De La Fuente, as a Republican Party member seeking the Party's nomination for president, is treated unfairly as to access to the Party's primary election ballot and differently to the incumbent Donald Trump.

82.     The purpose of a major political party primary election is, in essence, to give voters a choice among competitor candidates within the party. Without identified competitors, there is no reason for a primary election. If a primary election is held under the state sanctioned process under Minnesota Statute § 207A.13, subdivision 2(a), it is not only a waste of taxpayers moneys, but also a wasted vote.

83.     Minnesota Statutes § 207A.13, subdivision. 2(a) prevents Petitioner De La Fuente from associating with Minnesota Republican Party voters to secure support

**EXHIBIT 2**

of Minnesota's delegate and alternate delegates to the 2020 Republican National Convention.

84.     Minnesota Statutes § 207A.13, subd. 2(a) prevents Petitioner Martin from associating with certain presidential candidates in the 2020 presidential primary.

85.     Likewise, Petitioner Martin seeks to support a Republican Party presidential candidate other than Donald Trump in Minnesota.[9]

86.     Because of his profession and ownership of a business, Martin will not be available to vote in person on the presidential election day in Minnesota—March 3, 2010.

87.     Therefore, Martin must use the absentee ballot process available for the presidential primary election in Minnesota.  Martin may use the absentee ballot process beginning January 17, 2020.

88.     As part of the electoral process, a primary election has the same constitutional protections as does a general election.  A primary election plays a critical role in the total electoral process.

---

[9]Minnesota Republican Party leaves Trump challengers off presidential primary ballot. Patrick Condon, Star Tribune (MN). October 31, 2019. <http://www.startribune.com/minnesota-republican-party-leaves-trump-challengers-off-presidential-primary-ballot/564160782/>.

**EXHIBIT 2**

89.     Under Minnesota Statutes § 207A.13, the state included the right to cast a vote in a primary election by writing-in the name of a candidate which does not appeal on the printed ballot form.

90.     However, under Minnesota Statutes § 207A.13, the major political party decides which candidate of that party will be a write-in candidate. In short, if the party decides whose vote will count.  In fact, the major political party may not put forth any name as available for the write-in candidate.

91.     Moreover, under Minnesota Statutes § 207A.13, the chair of a major political party, for the presidential primary election, does not disclose which candidate's name will be available as a write-in until seven days before the primary election date of March 3, 2020.

92.     Petitioner Martin, knowing his business schedule and knowing he must vote by absentee ballot will vote for a candidate other than the already sole Republican Party of Minnesota named candidate Donald Trump.

93.     Petitioner Martin seeks to cast an absentee ballot for an alternative Republican Party of Minnesota presidential nominee, De La Fuente.

94.     However, if the Republican Party of Minnesota chair does not present Secretary De La Fuente's name as a write-in seven days before the primary election date of March 3, 2020, the Party has made Martin's ballot—his vote—void.  The Secretary will be unable to count Martin's vote under Minnesota Statutes § 207A.13.

23

EXHIBIT 2

95.     The First Amendment protects the right of individuals to associate for the advancement of political beliefs and the right of qualified voters, regardless of their political persuasion, to cast their votes effectively.

96.     Access restrictions implicate the right to vote because voters can assert their preferences only through candidates or parties or both.

97.     The Equal Protection Clause guarantees qualified voters a substantive right to participate equally with other qualified voters in the electoral process.

98.     Access restrictions implicate the right to vote because voters can assert their preferences only through candidates or parties or both.

99.     The right to vote is protected in more than the initial allocation of the franchise.

100.    The First Amendment protects the right of individuals to associate for the advancement of political beliefs and the right of qualified voters, regardless of their political persuasion, to cast their votes effectively.

101.    Access restrictions implicate the right to vote because voters can assert their preferences only through candidates or parties or both.

102.    The rights of Martin as a Minnesota registered eligible voter is inextricably intertwined with the rights of candidates.

24

**EXHIBIT 2**

103.   The Equal Protection Clause protects the manner in which the franchise (the right to vote) is exercised.  Minnesota may not by arbitrary or disparate treatment value one person's vote over that of another or one class of voters over another.

104.   Under Minnesota Statutes § 207A.13, Martin does not know whether his ballot will be counted.  Other similarly situated primary voters, those who support Trump, who vote absentee, will know that their absentee ballot will be counted (but for any challenge not refuted or overcome in the absentee ballot process).

105.   Under Minnesota Statutes § 207A.13, the State advances the different treatment of persons placed by statute into different classes on the basis of criteria wholly unrelated to the objective of the statute.

106.   The only purpose of Minnesota Statutes § 207A.13, appears to be to avoid primary elections where there is a serious contest between serious candidates.

107.   In addition, the absentee ballot process under Minnesota Statutes § 207A.13 creates two classes of eligible primary election voters—those knowing their votes will be counted for an already identified candidate, and those who will not know whether their vote will ever be counted for an alternative candidate within the Republican Party.

108.   Martin does know, however, that his absentee ballot vote will not be counted should the Republican Party of Minnesota does not include De La Fuente's name as a write-in seven days before the primary election date of March 3, 2020.

**EXHIBIT 2**

109.    Therefore, Martin's First and Fourteenth Amendment rights are violated under the current § 207A.13 statutory scheme.  Martin is being deprived, through the absentee ballot process via § 207A.13, of a meaningful opportunity to participate in the primary process.

110.    Martin has no control over the technical aspects of the § 207A.13 statutory scheme concerning write-in candidates.  The valuable rights of Martin as an absentee ballot participant who wishes to support a serious Republican Party candidate should not depend on the pure chance the Party will name De La Fuente as a write-in candidate seven days before the presidential primary date of March 3, 2020.

111.    Furthermore, the Republican Party Chair's omission of all other Republican candidates and because Minnesota Statutes § 207A.13, subdivision 2(a) prohibits any change in the notice to the Secretary once submitted, will cause the Secretary to not print those omitted names on the Republican ballot for the March 3, 2020 presidential primary.

112.    Accordingly, Minnesota Statutes § 207A.13, subdivision. 2(a) violates rights guaranteed to Petitioners under the First and Fourteenth Amendments to the United States Constitution for which Petitioners request preliminary and permanent declaratory and injunctive relief against Respondent's continued enforcement of Minnesota Statutes § 207A.13, subd. 2(a).

26

**EXHIBIT 2**

## PRAYER FOR RELIEF

WHEREFORE, the Petitioners De La Fuente and Martin respectfully request that this Court:

(A)    declare Minnesota Statutes § 207A.13, subdivision. 2(a) unconstitutional under Minnesota Constitution Article XII, section 1;

(B)    declare Minnesota Statutes § 207A.13, subdivision. 2(a) unconstitutional under the First and Fourteenth Amendments of the U.S. Constitution;

(C)    enter permanent injunctive relief against the Respondent Minnesota Secretary of State from enforcing Minnesota Statutes § 207A.13, subdivisions 2(a) and (b) in the 2020 presidential primary election;

(D)    require Respondent Minnesota Secretary of State to print the name of the Petitioner De La Fuente and other Republican Party of Minnesota presidential candidates on the 2020 presidential primary election ballot;

(E)    enter injunctive relief against the Respondent Secretary of State from enforcing Minnesota Statutes § 207A.13, subd. 2(a) in future presidential primary elections;

(F)    award Petitioners De La Fuente and Martin the costs of this action;

(G)    enter an order that this Court shall retain jurisdiction of this action regarding and through the March 3, 2020 presidential primary; and

**EXHIBIT 2**

(H)     grant Petitioners De La Fuente and Martin such other relief which in

the determination of this Honorable Court to be necessary and proper.


Dated: December 13, 2019                    ___/s/Erick G. Kaardal_____
                                            Erick G. Kaardal, Atty. No. 229647
                                            Mohrman, Kaardal & Erickson, P.A.
                                            150 South Fifth Street, Suite 3100
                                            Minneapolis, MN 55402
                                            Telephone: (612) 341-1074
                                            Email: kaardal@mklaw.com
                                            *Counsel for Petitioners*

**EXHIBIT 2**



## REPUBLICAN PARTY OF MINNESOTA
7400 METRO BLVD, SUITE 424
EDINA, MN 55439



October 24, 2019

Honorable Steve Simon
Secretary of State
180 State Office Building
100 Rev. Dr. Martin Luther King Jr. Blvd
Saint Paul, MN 55155

Dear Honorable Secretary Simon:

Per Minnesota General Law 207A.13 – Subd.2A, please consider this letter as the determination for candidates to be placed on the March 3, 2020 Presidential Nomination Republican Primary ballot:

1.  Name of candidate: Donald J. Trump
    a.  Name of candidate as we wish to appear on the ballot: Donald J. Trump
    b.  The official name and address of the campaign:

        Donald J. Trump for President, Inc.
        725 Fifth Avenue
        Fifteenth Floor
        New York, NY 10022

    c.  This campaign is registered with the Federal Election Commission ("FEC") and the FEC registration number is: C00580100

At your earliest convenience, please confirm that this fulfills your requirements for Minnesota's Republican Presidential Primary Election ballot.

Confirmation may be sent to my Executive Director, Mr. Kevin Poindexter, at kdp@mngop.com. You may also reach him at 612-384-8357 should you have any questions or require additional information.

Sincerely,

Jennifer Carnahan
Chairwoman, Republican Party of Minnesota

201659

Paid for by the Republican Party of Minnesota. Not authorized by any candidate or candidate's committee. www.mngop.com

EXHIBIT A

**EXHIBIT 2**

**IMPG ADVOCATES, INC.**
316 HILL STREET SUITE 1020
MOUNTVILLE, PENNSYLVANIA 17554
717.615.2030
Direct Dial:  717.681.8344
Paul-Rossi@comcast.net

*Civil Rights • International Law • Antitrust • Election Law • Complex Litigation*

October 25, 2019

<u>IMMEDIATE ATTENTION REQUESTED</u>

**Secretary Steve Simon**
**Minnesota Secretary of State**
**180 State Office Building**
**100 Rev. Dr. Martin Luther King Jr. Blvd.**
**Saint Paul, MN  55155-1299**
**Phone:  (651) 201-1324**
**Fax:  (651) 296-9073**
**Secretary.State@state.mn.us**

**Attorney General Keith Ellison**
**Office of the Minnesota Attorney General**
**445 Minnesota Street**
**Suite 1400**
**Saint Paul, MN  55101**
**Phone:  (651) 296-3353**
**Attorney.General@ag.state.mn.us**

<u>VIA FIRST CLASS MAIL, FAX & EMAIL</u>  <u>VIA FIRST CLASS MAIL & EMAIL</u>

Dear Secretary Simon & Attorney General Ellison:

I write this letter as litigation counsel to Roque De La Fuente, who is a candidate for the 2020 Republican party nomination for the Office of President of the United States, in a sincere effort to avoid litigation under 42 U.S.C. § 1983.  Mr. De La Fuente's election lawyers have uncovered a likely unconstitutional provision in Minnesota's Election Code which we believe violates the presidential Qualifications Clause of article II, section 1, clause 5 of the United States Constitution (hereinafter the "Qualifications Clause"), which enumerates the exclusive substantive requirements to hold the office of president.

Minnesota Election Code § 207A.13, Subd. 2(a) provides that candidates seeking the 2020 Republican presidential nomination may only appear on Minnesota's primary election ballot if:

> "Each party must determine which candidates are to be placed on the presidential nomination primary ballot for that party.  The chair of each party must submit to the secretary of state the names of the candidates to appear on the ballot for that party no later than 63 days before the presidential nomination primary.  Once submitted, changes must not be made to the candidates that will appear on the ballot."

Accordingly, in addition to the exclusive list of requirements to hold the office of president under the Qualifications Clause, Minnesota imposes the additional substantive qualification that an otherwise qualified candidate may only appear on its ballot to contest for Minnesota's delegates to the

EXHIBIT B

**EXHIBIT 2**

Republican National Convention, if, and only if, his name is forwarded to the Minnesota Secretary of State for inclusion on Minnesota's taxpayer financed presidential preference primary election ballot.

As you may be aware, federal courts have unanimously declared state statutes imposing qualifications to appear on their ballot for federal office in addition to those enumerated in the relevant constitutional text to be unconstitutional. *See, e.g., U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779 (1995) (holding term limit statute violated Congressional Qualification Clause); *Schaefer v. Townsend*, 215 F.3d 1031 (9th Cir. 2000) (holding that a state residency requirement violated Congressional Qualifications Clause and that any substantive state imposed barrier to ballot access for federal candidates not tethered to regulating the mechanics of the conduct of the election or for the candidate to show a modicum of support violated the relevant constitutional qualification clauses); *Shub v. Simpson*, 76 A.2d 332 (Md. 1950) (holding a loyalty oath required for ballot access for federal office violated relevant qualification clauses).

The most recent example of Qualifications Clause jurisprudence is *De La Fuente v Padilla*, 2:19-cv-01659-MCE-DB (E.D. Ca. October 1, 2019), where Mr. De La Fuente successfully challenged the constitutionality, on a motion for preliminary injunction, of California's attempt to force presidential candidates to file 5 years' worth of federal income tax returns with the Secretary of State as a requirement to appear on California's presidential primary election ballot. It should be noted, as will be highlighted in any future federal litigation, that President Trump joined in the argument that any state imposed additional requirement to appear on a presidential primary election ballot amounts to an unconstitutional additional qualification. I am confident that any attempt to manipulate Minnesota's 2020 primary election ballot through the imposition of additional qualifications to protect President Trump from a legitimate primary contest will be viewed with increased skepticism by a federal judge given President Trump's litigation stance in California district court challenging an additional qualification that threatened his access to a presidential primary ballot.

Unlike the tax returns at issue in the successful California challenge, the Minnesota statute imposes a substantive ballot access restriction which imposes an absolute bar from the ballot which candidate De La Fuente cannot overcome by the production of any document in his possession. De La Fuente's access to Minnesota's 2020 presidential primary ballot is wholly contingent on a decision outside his control as authorized by the challenged state statute. It is precisely because the State of Minnesota imposes the requirement under § 207A.13 Subd. 2(a), in a state controlled and mandated presidential primary that the requirement implicates an unconstitutional additional qualification. The challenged statutory restriction is not a private party rule governing internal party decisions, rather it is a ballot access restriction made part of a taxpayer financed primary election and imposed under state law, without any opportunity to bypass through other means or standards governing the decision making process as to which candidates are submitted to the secretary of state to appear on the ballot.

I am requesting an immediate written guarantee that presidential candidate De La Fuente will appear on Minnesota's 2020 Republican presidential primary election ballot upon satisfaction of any other statutory requirements, or, in the alternative, that the requirement of § 207A.13 Subd. 2(a) will not be enforced to prevent any candidate from appearing on their respective party's presidential primary election ballot.

EXHIBIT B

**EXHIBIT 2**

Please advise of your position prior to November 10, 2019.

Sincerely,

/s/ *Paul A. Rossi*

Paul A. Rossi

cc:  Minnesota Republican Party
      Roque De La Fuente

EXHIBIT B

**EXHIBIT 2**



December 17, 2019

**OFFICE OF
APPELLATE COURTS**

STATE OF MINNESOTA

IN SUPREME COURT

A19-1994

Roque "Rocky" De La Fuente, et al.,

        Petitioners,

vs.

Steve Simon, Minnesota Secretary of State,

        Respondent.

### O R D E R

On December 13, 2019, petitioners Roque De La Fuente and James Martin, Jr. filed a petition pursuant to Minn. Stat. § 204B.44(a)(4) (2018), asking this court to direct the respondent Steve Simon, Minnesota Secretary of State, to include De La Fuente's name on the ballot as a candidate for United States President at Minnesota's presidential primary election, which will be held on March 3, 2020.  Petitioners allege that under Minnesota Statutes § 207A.13 (2018), only Minnesota's major political parties can "determine which candidates are to be placed on the presidential nomination primary ballot" for the party, *see* Minn. Stat. § 207A.13, subd. 2(a).  *See also* Minn. Stat. § 207A.11(d) (Supp. 2019) (stating that chapter 207A "only applies to a major political party that selects delegates at the presidential nomination primary to send to a national convention").  Petitioners assert that once the chair of the Republican Party of Minnesota notified Simon of the party's determination that the United States President was the only candidate whose name would

1

**EXHIBIT 3**

be submitted for placement on the ballot for Minnesota's presidential primary, "changes" cannot "be made to the candidates that will appear on the ballot." Minn. Stat. § 207A.13, subd. 2(a). By permitting major political parties to determine whose names will appear on the ballot, petitioners contend that the Legislature has impermissibly controlled or limited access to the ballot. Specifically, petitioners contend that Minnesota Statutes § 207A.13 violates the Minnesota Constitution's prohibition on granting special or exclusive privileges to a private corporation, association, or individual, Minn. Const. art. XII, § 1; violates the Presidential Eligibility Clause of the United States Constitution, U.S. Const. art. II, § 1, cl. 3, by imposing eligibility conditions in addition to those stated in that clause; and, violates the right of free association of the United States Constitution, U.S. Const. amend. I, by burdening potential candidates' access to the ballot and voters' rights to associate with the candidate of their choice.

Ballots for the presidential primary election must be made available beginning January 17, 2020. *See* Minn. Stat. § 204B.35, subd. 4 (2018) (requiring ballots to be available for absentee voting at least 46 days before the election); Minn. Stat. § 204B.45, subd. 2 (2018) (requiring ballots to be provided by mail at least 46 days before the election). Petitioner has served the petition on the Secretary of State, the Republican Party of Minnesota, the Minnesota Democratic Farmer Labor Party, and several candidates for United States President. *See* Minn. Stat. § 204B.44(b) (2018) (requiring service on the official charged with the duty or alleged error, and on "all candidates for the office").

Based upon all the files, records, and proceedings herein,

2

**EXHIBIT 3**

IT IS HEREBY ORDERED THAT:

1.     Petitioners shall serve a copy of this order on the Minnesota Secretary of State and the Republican Party of Minnesota in the manner provided by Minn. R. Civ. P. 4.03. A copy of the order must also be served on President Donald J. Trump. Petitioners shall file proof with the Clerk of the Appellate Courts no later than **12:00 p.m., Friday, December 20, 2019**, that the service required by this paragraph has been completed.

2.     Respondent Secretary of State Steve Simon may serve and file a response to the petition by no later than **Tuesday, December 31, 2019**.

3.     Petitioners, respondent Simon, the Republican Party of Minnesota, and if he chooses to do so, President Donald J. Trump, shall file briefs addressing the claims asserted in the petition and the relief requested on those claims. The briefs must be served and filed on or before **Tuesday, December 31, 2019**. No reply briefs will be permitted.

4.     The major political parties in Minnesota, as defined in Minn. Stat. § 200.02, subd. 7 (2018), are invited to participate as amicus curiae in this matter. The major political parties that wish to participate as amicus must file a notice on or before **Tuesday, December 24, 2019**, confirming that the entity will participate as an amicus. The brief of an amicus curiae must be filed on or before **Tuesday, December 31, 2019**. In light of the expedited nature of this action and to facilitate notice of the requirements of this paragraph, petitioners and respondent Simon must each deliver a copy of this order to each of the major political parties on or before **Friday, December 20, 2019**. Any entity that participates as amicus will not be allowed to participate in oral argument.

3

**EXHIBIT 3**

5.      Oral argument will be held in this case on **Thursday, January 9, 2020**, at

10:00 a.m. in the State Capitol Courtroom.  Counsel who intend to argue must file Notices

of Appearances on or before **Tuesday, December 31, 2019**.

Dated:  December 17, 2019                    BY THE COURT:

Lorie S. Gildea
Chief Justice

4

**EXHIBIT 3**



# REPUBLICAN PARTY OF MINNESOTA
7400 METRO BLVD, SUITE 424
EDINA, MN 55439

December 23, 2019

Honorable Steve Simon
Secretary of State
180 State Office Building
100 Rev. Dr. Martin Luther King Jr. Blvd
Saint Paul, MN 55155

Dear Honorable Secretary Simon,

Per Minnesota General Law 207.A.13 – Sub.2A, please consider this letter as the determination for the Republican Party of Minnesota to place a 'write-in' option on the Presidential Nomination Republican Primary Ballot.

At your earliest convenience, please confirm that this fulfills your requirements for Minnesota's Republican Presidential Primary Election ballot.

Confirmation may be sent to my Executive Director, Ms. Becky Alery, at bla@mngop.com. You may also reach her at 763-360-1711 should you have any questions or require additional information.

Sincerely,

Jennifer Carnahan
Chairwoman, Republican Party of Minnesota

**EXHIBIT 4**