UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Roque "Rocky" De La Fuente | : | Civil Action No. |
| | : | 19-cv-2995(DSD/HB) |
| Plaintiff, | : | |
| | : | |
| vs. | : | **PLAINTIFF'S** |
| | : | **MEMORANDUM IN** |
| Steve Simon, in his official capacity | : | **PARTIAL OPPOSITION** |
| as the Secretary of State of Minnesota | : | **TO DEFENDANT'S** |
| | : | **MOTION TO DISMISS** |
| Defendant | : | |

## I.   INTRODUCTION

As a result of the coordinated effort of several state Republican party affiliates with the reelection campaign of President Trump to deny any candidate to appear on primary election ballots to oppose his nomination as the presidential nominee of the 2020 Republican National Convention, on February 2, 2020, Plaintiff Roque "Rocky" De La Fuente announced he would stand as an independent candidate for the office of President of the United States and would therefore petition to secure access to the state general election ballots for the 2020 presidential election.  Furthermore, on this date, the 2020 Minnesota presidential primary election has taken place with ballot having been printed in January.  Accordingly, the claims raised in Plaintiff's complaint have been rendered moot and should be dismissed without prejudice.

1

As a result of Plaintiff's decision to seek access to Minnesota's 2020 presidential general election ballot, Plaintiff requests that the Court permit Plaintiff to file an amended complaint to challenge several provisions of the Minnesota election code which imposes unconstitutional requirements on the qualification of presidential electors in Minnesota. Accordingly, this Court should dismiss Plaintiff's complaint as moot with leave to file an amended complaint.

## II.   ARGUMENT

### A.   Plaintiff's Claims are Moot.

Under Article III of the United States Constitution, the jurisdiction of federal courts is limited to actual, ongoing cases and controversies. U.S. CONST. art. III, § 2, cl. 1. A case pending before a federal court may at some point in the litigation process lose an element of justiciability and become "moot" depriving the Court of jurisdiction to adjudicate a plaintiff's claims. A case or controversy must exist throughout all stages of federal judicial proceedings, and not just when the lawsuit is filed or when review is granted by an appellate court. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

Plaintiff is no longer contesting the 2020 Republican nomination for President of the United States. Furthermore, Minnesota has already printed the ballots for the 2020 Republican presidential primary election. It is therefore clear that Plaintiff's claims with respect to the 2020 Minnesota Republican presidential

primary election have been rendered moot.  Furthermore, it is speculative that the challenged statutory provision will be employed against Plaintiff in the 2024 Republican presidential primary election.  Accordingly, Plaintiff's constitutional challenge to Minnesota Election Code § 207A.13, Subd. 2(a) has been rendered moot and this Court lacks Article III jurisdiction to adjudicate.

      B.      <u>Plaintiff Should Be Granted Leave to File an Amended Complaint</u>.

On February 2, 2020, Plaintiff announced that as a result of the boycott on the ability of challengers to President Trump to appeal on several state primary ballots, Plaintiff will stand as an independent candidate for the Office of President of the United States in the 2020 general election.  As a result, Plaintiff intends to challenge the state residency requirement imposed by the Minnesota Election Code on presidential electors in violation of the exclusive list of qualifications imposed under Article II, section 1, clause 2 of the United States Constitution which does not require presidential electors to be residents of the state in which they seek election to the Electoral College.  U.S. CONST. art. II, § 1, cl. 2.

The presidential elector qualification clause, like the other qualification clauses of the United States Constitution, provides the exclusive list of qualifications to run as a presidential elector.  The State of Minnesota lacks the authority to add a state residency requirement to run as a Minnesota presidential elector, and is therefore, unconstitutional.  While the number of Minnesota

presidential electors are determined by the State's combined Congressional delegation, and currently[1], the state's electorate determines who shall be elected to the Minnesota Electoral College, nevertheless, election to the State's Electoral College is not, and cannot by state statute, be limited to residents of the State of Minnesota as part of the only national election conducted under the Constitution.

Plaintiff intends to run presidential electors who are not current residents of the State of Minnesota. Accordingly, Plaintiff requests leave to file an amended complaint to advance these new claims in this Court.

Rule 15(a) of the Federal Rules of Civil Procedure requires that leave to file an amended complaint be "freely given when justice so requires." Fed.R.Civ. P. 15(a). The United States Supreme Court has explained that "[i]n the absence of. . . undue delay, bad faith or dilatory motive. . .undue prejudice. . .or futility of

---

[1] Nothing limits Minnesota to limit the election of Minnesota's Electoral College to the votes cast in the State of Minnesota. For instance, States can combine form a multi-state compact where by the election of presidential electors can be determined by the votes cast across state lines (i.e., Minnesota, Iowa and Wisconsin agree to elect their presidential electors based on the combined votes cast in those three states). Similarly, States can agree to elect their presidential electors based on the winner of the popular vote cast in the entire nation, as has been proposed by several States. Accordingly, beyond the exclusive list of qualifications imposed under the federal constitution, which does not impose a residency requirement, each state's electoral college is simply not creature limited to the confines of each individual State sufficient to justify a state residency requirement beyond constitutional limitation.

amendment...the leave sought should be 'feely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the instant action, Plaintiff is seeking to file a single amended complaint in the first filing made in this Court following Plaintiff's decision to launch an independent campaign for the Office of President of the United States – a decision made following the bad conduct of the State of Minnesota in permitting a small number of party insiders to effect a boycott against any challengers to the nomination of President Trump as the 2020 Republican presidential nominee. A state enabled boycott which does not advance the First Amendment rights of the Republican Party, nor one advocated by the party itself, as evidenced by the Party's failure to join or support Defendant in the litigation of Plaintiff's claims to date.

In any event, Plaintiff is promptly requesting leave to file an amended complaint in this response to Defendant's motion to dismiss, has not exhibited any undue delay and will not prejudice Defendant in any respect. Furthermore, Plaintiff will file a separate motion with this Court for leave to file an amended complaint.

### III.  CONCLUSION

Accordingly, for all the foregoing stated reasons, Plaintiff respectfully requests that the complaint filed by Plaintiff in the above captioned action should

be dismissed as moot and leave granted to Plaintiff to file an amended complaint within thirty (30) days of the Court's Order dismissing Plaintiff's complaint as moot.

                                            Respectfully submitted,

Dated: March 3, 2020                 **/s/ Erick Kaardal**
Erick Kaardal, Atty No. 229647
Mohrman, Kaardal & Erickson, P.A.
150 South Fifth Street, Suite 3100
Minneapolis, MN 55402
Telephone: (612) 341-1074
Email: kaardal@mklaw.com

                                            **/s/ Paul A. Rossi**
Paul A. Rossi, PA Attorney I.D. #84947
*Addmission Pro Hac Vice*
IMPG Advocates, Inc.
316 Hill Street
Suite 1020
Mountville, PA 17554
Telephone: (717) 681.8344
Email: Paul-Rossi@comcast.net

## **CERTIFICATE OF SERVICE**

Plaintiff, by and through his undersigned legal counsel, hereby certifies that on this date, a true and correct copy of the foregoing document has been filed with the Clerk of the Court through the Court's ECF filing system and that, as a result, a true and correct copy has been caused to be served upon opposing counsel who is a registered ECF filer.

Dated:  March 3, 2020     /s/ Paul A. Rossi
Paul A. Rossi, PA Attorney I.D. #84947
*Addmission Pro Hac Vice*
IMPG Advocates, Inc.
316 Hill Street
Suite 1020
Mountville, PA  17554
Telephone: (717) 681.8344
Email:  Paul-Rossi@comcast.net

## **CERTIFICATION**

Pursuant to Local Rule 7.1(f)  Plaintiff, through his undersigned legal counsel, hereby certified that the foregoing brief complies with the Word and Line limits imposed by the Local Rules.  The body of the foregoing brief contains 1,125 words, in proportional font, as determined by the word count function of Microsoft Word 10, which count included all text, including headings, footnotes, and quotations.

Dated:  March 3, 2020                                   /s/ **Paul A. Rossi**
Paul A. Rossi, PA Attorney I.D. #84947
*Addmission Pro Hac Vice*
IMPG Advocates, Inc.
316 Hill Street
Suite 1020
Mountville, PA  17554
Telephone: (717) 681.8344
Email:  Paul-Rossi@comcast.net