UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Roque "Rocky" De La Fuente,<br><br>    Plaintiff,<br><br>vs.<br><br>Steve Simon, in his official capacity as the Secretary of State of the State of Minnesota,<br><br>    Defendant. | Civil No. 19-CV-2995 (DSD/HB)<br><br>**DEFENDANT'S<br>REPLY MEMORANDUM<br>IN SUPPORT OF<br>MOTION TO DISMISS** |

Plaintiff Roque De La Fuente concedes that the current lawsuit merits immediate dismissal. The Court should therefore dismiss the complaint, rather than permit Plaintiff to discard it and initiate an entirely new lawsuit.

## FACTS

Plaintiff filed this action in November 2019, alleging that he was a candidate for the Republican nomination for President. (Compl. ¶ 5.) His complaint challenged the constitutionality of Minnesota's presidential primary statute, Minn. Stat. § 207A.13, on the grounds that it allowed the Minnesota Republican Party to exclude him from the party's presidential primary ballot. (*Id*. ¶¶ 39-49.)

Plaintiff subsequently filed a petition in the Minnesota Supreme Court that made substantially identical claims to the ones in his complaint in this matter. *De La Fuente v. Simon*, No. A19-1994, 2020 WL 230178, at *2 (Minn. Jan. 9, 2020). On January 9, the state court denied the petition, holding that Plaintiff's claims lack legal merit. *Id.*

While the state-court petition was pending, Defendant Minnesota Secretary of State Steve Simon moved to dismiss the instant lawsuit. (Mot. to Dismiss, Dkt. #8.) After

the state court denied Plaintiff's petition, the Secretary filed his memorandum of law on this motion, arguing that the complaint merited dismissal both on its merits and on the basis of res judicata. (Sec. Mem. 3-14, Dkt #10.) In his response memorandum filed on the evening of the Minnesota presidential primary, Plaintiff contended that the passing of that primary had mooted the lawsuit and requested that the suit therefore be dismissed. (Pl.'s Mem. Opp. Mot. Dismiss 2-5.) Plaintiff further asked to be permitted to amend his dismissed complaint to state new claims pertaining to different Minnesota election statutes and a different Minnesota election. (*Id.*)

## ARGUMENT

The parties agree that the instant lawsuit should be dismissed. In light of that agreement, there is no basis to permit any amendment to the complaint—much less an "amendment" that is an attempt to initiate an entirely new lawsuit bearing no resemblance to the current one.

**I.     PLAINTIFF HAS RENDERED HIS COMPLAINT MOOT BY HIS OWN ACTIONS.**

Federal courts lack jurisdiction to hear any action that ceases to present a live case or controversy. *Minn. Humane Soc'y v. Clark*, 184 F.3d 795, 797 (8th Cir. 1999). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1528 (2013). Federal case law, however, recognizes a narrow exception to the mootness doctrine that applies to controversies that are "capable of repetition yet evading review." *Randolph v. Rodgers*, 170 F.3d 850, 856 n.7 (8th Cir. 1999). Under the exception, an otherwise moot

claim is not subject to dismissal if "(1) the challenged conduct is of too short a duration to be litigated fully prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Van Bergen v. Minnesota*, 59 F.3d 1541, 1546 (8th Cir. 1995). Federal courts have frequently invoked the exception to hear lawsuits regarding election regulations even after the affected election has passed. *See, e.g., Davis v. Fed. Election Comm'n*, 554 U.S. 724, 735-36 (2008) (holding challenge to federal statute limiting fundraising for Congressional candidates not moot despite passage of election for which plaintiff raised funds); *Fed. Election Comm'n v. Wisconsin Right to Life, Inc.*, 551 U.S. 449, 462-64 (2007) (holding challenge to federal statute restricting political advertisements within 30 days of election not moot despite passage of election before which organization sought to broadcast advertisements).

The Secretary did not argue mootness in his initial memorandum on this motion because it appeared very likely that the exception to the mootness doctrine applied: in light of Plaintiff's status as a perennial candidate for President and other political offices, the Secretary expected that Plaintiff would allege that he intends to run in future Minnesota presidential nomination primaries and that he is therefore likely to be subject to Minnesota's statutes regulating such primaries in election cycles to come.

Instead, Plaintiff has alleged that he does not currently intend to run in future Minnesota presidential nomination primaries. Indisputably, then, there is no reasonable expectation that Plaintiff will be subject to Minnesota's statutes regulating presidential

primaries in the future. *See Van Bergen*, 59 F.3d at 1546. As a result, Plaintiff is correct: the exception does not apply, and this case is moot. It should therefore be dismissed.

## II.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE.

Based on his decision to waive the mootness exception. Plaintiff has created the fatal jurisdictional defect that he now contends justifies dismissal without prejudice. As the Secretary explained in his previous memorandum, however, Plaintiff's claims facially fail on their merits, and as a result the Secretary is entitled to a dismissal *with* prejudice that enjoys full res judicata effect. *See Micklus v. Greer*, 705 F.2d 314, 316-17 (8th Cir. 1983) (holding that dismissal for failure to state a claim on which relief may be granted is dismissal with prejudice that has res judicata effect). Plaintiff notably does not dispute any element of the Secretary's argument regarding dismissal on the merits.

Especially in light of Plaintiff's record of pursuing parallel litigation stating the same claims in multiple courts, the Secretary is in need of a decision that will bar Plaintiff from resurrecting the same invalid constitutional claims in the future that he raised in his November 2019 complaint. The Secretary therefore respectfully requests that the Court dismiss the instant action with prejudice.

## III.  PLAINTIFF IS NOT ENTITLED TO AMEND HIS COMPLAINT TO INITIATE AN ENTIRELY NEW LAWSUIT.

After conceding that his current complaint merits immediate dismissal, Plaintiff asks this Court for leave to amend the complaint to bring new claims against the Secretary. As an initial matter, Plaintiff's position is internally logically contradictory: if this Court dismisses Plaintiff's initial complaint, ending the current litigation, there will remain no complaint for Plaintiff to amend, and no lawsuit for him to amend it in.

Further, though Plaintiff has failed to follow any of the procedural requirements for amending a complaint, his request amounts to a motion under Fed. R. Civ. P. 15 for leave to amend his pleading. *See* Fed. R. Civ. P. 15(a)(2).[1] Courts should freely grant leave to amend a pleading "when justice so requires." *Id.* There is, however, no absolute right to amend. *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005). District courts have discretion to deny leave to amend on such grounds as "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992).

In this case, the amendment for which Plaintiff requests leave would substantially prejudice the Secretary. First, the Secretary has expended considerable time and resources responding to Plaintiff's initial complaint. The amended complaint Plaintiff describes would involve entirely new legal claims directed at a different Minnesota statute that regulates a different Minnesota election. This is not an amended complaint; it is a brand-new pleading initiating a lawsuit that bears no resemblance to the one at bar. A motion to dismiss should not be treated as an invitation to reinvent a plaintiff's lawsuit from scratch.

Finally, Plaintiff brought the current lawsuit under 42 U.S.C. § 1983. (*See* Compl. ¶¶ 1, 3.) Accordingly, he seeks attorney fees and expenses under section 1988 of

---

[1] Plaintiff cannot invoke his right to amend his complaint as a matter of course under Rule 15(a)(1), because both the complaint and the Secretary's motion to dismiss it were filed much longer than 21 days before Plaintiff's March 3 request. *See* Fed. R. Civ. P. 15(a)(1)(A)-(B).

the same title. (*Id.* at 12 ¶ (E).) If Plaintiff is permitted to prolong this litigation by starting over with new causes of action against a newly identified state statute, his fees-and-expenses claim will include the costs he has incurred from four months' worth of litigation over claims that he now admits are meritless. Such claims would substantially prejudice the Secretary.

## CONCLUSION

The parties agree that Plaintiff's complaint should be dismissed. If Plaintiff would like to bring new legal claims challenging Minnesota election statutes that have no relevance to the current dispute, he may do so in a separate proceeding after the current one is terminated. The Secretary therefore respectfully requests that the Court dismiss Plaintiff's complaint with prejudice and deny Plaintiff's procedurally improper request to file an amended complaint.

Dated:  March 10, 2020                                  Respectfully submitted,

                                                        KEITH ELLISON
                                                        Attorney General
                                                        State of Minnesota

                                                        /s/ **Nathan J. Hartshorn**
                                                        NATHAN J. HARTSHORN
                                                        Assistant Attorney General
                                                        Atty. Reg. No. 0320602

                                                        445 Minnesota Street, Suite 1400
                                                        St. Paul, Minnesota 55101-2134
                                                        (651) 757-1252 (Voice)
                                                        (651) 297-1235 (Fax)
                                                        nathan.hartshorn@ag.state.mn.us

                                                        ATTORNEY FOR STEVE SIMON, IN HIS
                                                        OFFICIAL CAPACITY AS THE
                                                        MINNESOTA SECRETARY OF STATE