UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 19-2995(DSD/HB)

Roque De La Fuente,

        Plaintiff,

v.                                ORDER

Steve Simon,

        Defendant.

The matter is before the court upon defendant Steve Simon's motion to dismiss and plaintiff Roque "Rocky" De La Fuente's request to amend his complaint. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion to dismiss is granted and the request to amend is denied.

## BACKGROUND

On November 26, 2019, plaintiff commenced this action seeking injunctive and declaratory relief against Minnesota Secretary of State Steve Simon in his official capacity. Compl. ¶ 1. In his complaint, plaintiff challenged Minnesota Statute § 207A.13 on the grounds that it violated article II, section 1, clause 5 of the United States Constitution, as well as his rights under the First and Fourteenth Amendments. Id. ¶¶ 39-49. In challenging § 207A.13, plaintiff sought the ability to appear as a candidate on Minnesota's 2020 Republican presidential primary election ballot. See generally id. Defendant filed a motion to dismiss on

December 23, 2019, and a hearing date was set for March 6, 2020. See ECF Nos. 8, 9. This date was then moved to March 24, 2020. ECF No. 14. Despite the fact that Minnesota's presidential primary was set to occur on March 3, 2020, plaintiff did not request an earlier hearing date.

On March 3, 2020, plaintiff filed his response memorandum in opposition to defendant's motion to dismiss. ECF No. 15. Therein, plaintiff conceded that his original complaint was moot because the Minnesota primary election had already taken place. Id. at 2-3. Although plaintiff conceded that his complaint was moot, he sought leave in his memorandum to amend his complaint so that he could raise claims challenging a different state law on different constitutional grounds. Id. at 3-4. At no point did plaintiff file a motion for leave to amend, nor did he provide the court a copy of his proposed amended pleading as required by Local Rule 15.1(b).

## DISCUSSION

### I.  Motion to Dismiss

Both parties agree that it is proper to dismiss plaintiff's original complaint, as the issues presented are now moot. Under well-settled doctrine, "[w]hen, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances ... and a federal

2

court can no longer grant effective relief, the case is considered moot." Haden v. Pelofsky, 212 F.3d 466, 469 (8th Cir. 2000) (internal citation and quotation omitted). Because the court can no longer grant effective relief with regard to plaintiff's challenge to Minnesota's presidential primary election, the issues presented in plaintiff's complaint are moot.[1] The court must, therefore, dismiss the complaint for lack of jurisdiction.

**II. Request for Leave to Amend**

Although plaintiff agrees that his original complaint must be dismissed, he seeks leave to amend so that he may now challenge Minnesota law relating to the state's presidential electors. See ECF No. 15, at 3-4. Except in cases where a party may amend its complaint as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "However, there is no absolute right to amend ...." Doe v. Cassel, 403 F.3d 986, 990 (8th Cir. 2005). A district court may refuse to grant leave to amend pleadings for undue delay, bad faith or dilatory motive on the part of the moving party, futility of the amendment, or unfair prejudice to the opposing party. Id. at 990-91.

---

[1] Although there is an exception to mootness when a case presents issues "capable of repetition yet evading review," Randolph v. Rodgers, 170 F.3d 850, 856 n.7 (8th Cir. 1999), plaintiff is not arguing that this case presents such a scenario. See ECF No. 15, at 2-3.

Here, plaintiff does not seek to amend his complaint so much as he seeks to commence an entirely new lawsuit against defendant. In his proposed amendment,[2] plaintiff seeks to challenge a completely different state law on a completely different constitutional basis than what was alleged in his original complaint. This is not an amendment to his original complaint, and his request for leave to amend is therefore denied. Plaintiff is not precluded, however, from asserting these new claims in a new lawsuit.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. The motion to dismiss [ECF No. 8] is granted;

2. The request for leave to amend the complaint is denied; and

3. The complaint [ECF No. 1] is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 24, 2020

                                         s/David S. Doty
                                         David S. Doty, Judge
                                         United States District Court

---

[2] Because plaintiff did not provide a copy of the proposed amended complaint, the court bases this discussion on the information provided by plaintiff in his response to defendant's motion to dismiss.